**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy K. Duckett, | No. CV-14-01771-PHX-NVW |
| Plaintiff, | **ORDER** |
| v. | |
| Dennis M. Enomoto, et al., | |
| Defendants. | |

Before the Court are Defendants Carol Severyn and Carol Severyn Trust Management Services' Motion to Dismiss (Doc. 14), Plaintiff's Response (Doc. 19), the United States' Response (Doc. 20) and Defendant Dennis Enomoto's Response (Doc. 21).

In her last will and testament, the decedent, Miyoko Enomoto, devised one-third of her estate to a trust set up to benefit her son, Dennis Enomoto. The will appoints Carol Severyn Trust Management Services as trustee but gives Dennis Enomoto "the limited authority to request the removal of the Trustee and appoint a successor Trustee." Doc. 1-2 at 34. Almost a year and a half after the will was admitted to probate, Severyn mailed copies of a "Rejection of Appointment as Trustee" form to counsel for Plaintiff and for the United States on August 7, 2014. Two weeks later, she also sent the other parties a signed "Resignation" form announcing that she was resigning her position as trustee, thereby creating a vacancy in the trusteeship. A.R.S. § 14-10704. Dennis Enomoto subsequently retained Kurt Tittelbach, of Premier Fiduciary Services, to serve as trustee of the trust established by the decedent. Doc. 18 at 2.

With the appointment of Tittelbach, the moving Defendants no longer have any interest in this interpleader action. For that reason, Dennis Enomoto does not object to the instant Motion. Plaintiff argues in its Response that the Motion should be denied because the moving Defendants are "necessary parties to this action." Doc. 19 at 2. That Response, however, was submitted to the Court on October 6, 2014, the same day Dennis Enomoto filed an Answer (Doc. 18) that announced the retention of Tittelbach. It appears Plaintiff was not aware, at the time it filed its Response, that a new trustee had been named to take the moving Defendants' place. Regardless, now that Tittelbach has assumed the trusteeship, the moving Defendants can no longer be described as "necessary parties."

The moving Defendants request an award of attorney's fees and costs from Plaintiff. The United States objects to the Motion only to the extent that any attorney's fees or costs would be awarded against the interpleaded funds. The moving Defendants do not cite any statute, rule or other source of law that would justify an award of fees or costs. Instead, they merely assert fees and costs are proper because "counsel for the Plaintiff knew or should have known that the [moving] Defendants had no adverse claim to the money referenced in the interpleader." Doc. 14 at 3. Even assuming this is true, the moving Defendants have not carried their burden of demonstrating that it entitles them to fees or costs. Because there appears to be no basis for any such award, the Court will not order Plaintiff to pay attorney's fees or costs.

IT IS THEREFORE ORDERED that Defendants Carol Severyn and Carol Severyn Trust Management Services' Motion to Dismiss (Doc. 14) is granted, to the extent that Defendants Carol Severyn and Carol Severyn Trust Management Services are dismissed as parties.

Dated this 29th day of October, 2014.

Neil V. Wake
United States District Judge

- 2 -