**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy K. Duckett,<br><br>          Plaintiff,<br><br>v.<br><br>Dennis M. Enomoto, et al.,<br><br>          Defendants. | No. CV-14-01771-PHX-NVW<br><br>**ORDER** |

      Before the Court are Plaintiff's Motion for Discharge (Doc. 65), Plaintiff's Memorandum in Support of Fee and Expense Application (Doc. 82), and the parties' accompanying briefs.

      The Court previously determined that Plaintiff properly brought this interpleader action and is therefore entitled to withdraw from the interpleaded funds the costs and attorney's fees she reasonably incurred in bringing the action. (Doc. 79 at 9-11.) The Court ordered Plaintiff to file a motion pursuant to LRCiv 54.2 establishing the amount and reasonableness of the requested costs and fees, bearing in mind that such fees are "normally not high." (*Id.* at 11 (quoting *Michelman v. Lincoln Nat. Life Ins. Co.*, 685 F.3d 887, 898 (9th Cir. 2012)).) Accordingly, Plaintiff filed a memorandum explaining the steps taken in this action and requesting attorney's fees in the amount of $24,880 and costs in the amount of $414.36. (Doc. 82 at 7.)

      The Court finds these amounts reasonable. The fees and costs were incurred in connection with the initiation of this action, Plaintiff's own motions, and Plaintiff's responses to Defendants' various motions. These steps were necessary to represent Plaintiff's interests in a complicated case. While it is true that "in the usual case the fee [award] will be relatively modest," this is a case "in which the award is quite substantial because of the difficulties encountered by the stakeholder's attorney." 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, *Federal Practice & Procedure* § 1719 (3d ed. 2001) (collecting cases).

      IT IS THEREFORE ORDERED that Plaintiff's motion for an award of costs and fees (Docs. 65, 82) is granted in the total amount of $25,294.36, to be withdrawn from the interpleaded funds.

      In keeping with the Court's prior ruling (Doc. 79 at 14), Plaintiff will be directed by separate order to pay the balance of the funds to the Trustee, to be held in their entirety until the Court orders otherwise. Upon transfer of those funds, Plaintiff's Motion for Discharge (Doc. 65) will be granted by separate order to the extent that Plaintiff will be discharged from this action free of liability to Defendants for or in connection with the interpleaded funds and shall be dismissed from further participation in these proceedings.

      Dated this 30th day of December, 2015.

                                                           Neil V. Wake
                                                         United States District Judge