**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy K. Duckett, as Personal Representative for the estate of Miyoko Enomoto,<br><br>Plaintiff,<br><br>v.<br><br>Dennis M. Enomoto; United States Internal Revenue Service; Kurt A. Tittelbach, Trustee;<br><br>Defendants. | No. CV-14-01771-PHX-NVW<br><br>**ORDER** |

Before the Court is the IRS's Motion to Alter or Amend Judgment and to Distribute Interpleaded Funds (Doc. 97) and the accompanying briefs. For the reasons that follow, the Motion will be denied.

**I.   BACKGROUND**

Dr. Dennis Enomoto is the beneficiary of a testamentary trust created by his mother. In relevant part, the trust instructs the trustee to pay Dr. Enomoto whatever amount the trustee deems necessary for Dr. Enomoto's support and education:

> The Trustee shall pay to [Dr. Enomoto] so much or all of the
> net income and principal of the trust as in the sole discretion

>of the Trustee may be required for support in the beneficiary's accustomed manner of living, for medical, dental, hospital, and nursing expenses, or for reasonable expenses of education, including study at college and graduate levels. . . . In the Trustee's sole discretion and to the extent the Trustee deems advisable, the Trustee may consider or disregard the funds available to the beneficiary from other sources or the duty of anyone to support the beneficiary.

(Doc. 49-1 at 9.)

The IRS seeks distribution of the trust funds to the United States to satisfy Dr. Enomoto's tax deficiencies. Dr. Enomoto opposes this distribution. The parties previously presented the Court with cross-motions for summary judgment (Docs. 48, 58, 89, 91) on the issue of "whether the United States has federal tax liens on the [trust] funds" (*see* Doc. 49 at 2).

In a lengthy order (Doc. 95), the Court divided the issue into three parts: (1) What are Dr. Enomoto's rights in the trust funds? (2) Does the federal tax lien attach to those rights? (3) If so, is the tax lien presently enforceable?

The Court answered as follows: (1) Dr. Enomoto has a conditional right in the trust funds. He can compel payment only when the trustee's withholding of funds would be an abuse of discretion in applying the standard of payment set forth in the trust for Dr. Enomoto's support. (2) The federal tax lien attaches to this right. (3) The tax lien is not presently enforceable because Dr. Enomoto's right in the trust funds "has no permanently fixed dollar value" and "is variable according to [his] needs." (Doc. 95 at 15 (quoting *United States v. Taylor*, 254 F. Supp. 752, 756 (N.D. Cal. 1966).) This variability poses "practical problems of enforcing the lien" that cannot be resolved without evidence of Dr. Enomoto's "current needs and living demands." (*Id.* at 15–16 (quoting *Taylor*, 254 F. Supp. at 756).)

In reaching these conclusions, the Court noted the absence of binding federal appellate case law and explained that district courts had reached "mixed results" that were "difficult to harmonize . . . in a principled way." (*Id.* at 10–11.) Both Dr. Enomoto

- 2 -

and the IRS relied on factually distinguishable district court cases from other circuits. (*Id.* at 11–14.) The Court, however, followed a more analogous and more persuasive case from within this circuit: *United States v. Taylor*, 254 F. Supp. 752 (N.D. Cal. 1966).

Accordingly, the Court entered judgment (1) declaring that the tax lien extends to Dr. Enomoto's right in the trust funds, (2) declaring that the lien is enforceable only as to the amount to which Dr. Enomoto's right extends, (3) prohibiting the trustee from distributing any of the funds, (4) permitting the IRS to request post-judgment discovery and noting that the Court "may order distributions upon the parties' stipulation or a party's separate motion," and (5) retaining jurisdiction to enforce the judgment. (Doc. 96.)

The IRS now moves, pursuant to Federal Rule of Civil Procedure 59(e), to "alter or amend the Judgment so that the federal tax liens against [Dr. Enomoto] extend over all of the [trust] funds" and to order the trustee "to distribute all of the Funds to the United States." (Doc. 97 at 1–2.)

## II. LEGAL STANDARD

Altering or amending a judgment under Rule 59(e) is "an extraordinary remedy which should be used sparingly." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011) (citation omitted). It is generally limited to four purposes: (1) to correct "manifest errors of law or fact upon which the judgment rests," (2) to present "newly discovered or previously unavailable evidence," (3) to prevent "manifest injustice," or (4) to respond to "an intervening change in controlling law." *Id.* It "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1, pp. 127–28 (2d ed. 1995)).

### III. ANALYSIS

The IRS's motion rests on its argument that "[b]ecause of the terms of the trust, Dr. Enomoto (or his estate, if he dies before the Trust is administered) is entitled to all of the [trust] Funds sooner or later." (Doc. 97 at 4.) This argument is not grounds for altering or amending the Court's judgment because it either "relitigate[s] old matters" or raises a new theory "that could have been raised prior to the entry of judgment." *Exxon Shipping*, 554 U.S. at 485 n.5.

#### A. The argument that Dr. Enomoto is entitled to all the trust funds sooner or later was already considered.

In its summary judgment motion, the IRS argued that according to the terms of the trust, Dr. Enomoto will eventually receive all the trust funds:

> . . . [T]he Trustee lacks the discretion to withhold payment altogether. The Trustee must distribute the Testamentary Trust funds to Dr. Enomoto sooner or later, giving him a clear interest in the [funds]. Consequently, in the government's view, tax liens attached under federal law.

(Doc. 48 at 7.)

The Court rejected that position. The Court granted the IRS's motion only "to the extent it seeks a judgment that the federal tax lien attaches to Dr. Enomoto's right to the [trust] funds." (Doc. 95 at 17.) The Court otherwise denied the motion, including "to the extent it seeks a transfer of those funds to the United States." (*Id.*) The Court explained that although the tax lien attaches to Dr. Enomoto's right to the trust funds, that right "has no permanently fixed dollar value" and "is variable according to [his] needs." (*Id.* at 15 (quoting *Taylor*, 254 F. Supp. at 756).) This explanation necessarily means that Dr. Enomoto is not entitled to all the funds merely by virtue of the trust terms.

To put the point algebraically, the trust gives Dr. Enomoto a right to X amount of the trust funds. X is a variable. It can be described verbally. For example, the Court described it as "payments the withholding of which would constitute an abuse of

- 4 -

discretion in applying an ascertainable standard." (*Id.*) But its current numerical value is unknown. It could be $5,000 per week. It could be nothing at all.

This is not to say the numerical value *cannot* be known. The Court noted that Dr. Enomoto's right can be "assigned a reasonably accurate dollar value by assessing [his] current needs and living demands." (*Id.* (quoting *Taylor*, 254 F. Supp. at 756).) The problem was that the IRS "provided no evidence of Dr. Enomoto's needs or demands and therefore no reason to think the lien extends to all the trust funds." (*Id.*)

Thus, the Court considered and rejected the argument that Dr. Enomoto is entitled to all the trust funds sooner or later. That argument does not justify altering or amending the judgment.

### B. The argument that the trust funds will pass to Dr. Enomoto's estate when he dies could have been raised earlier but was not.

Nowhere in its summary judgment motion (Doc. 48), its response to Dr. Enomoto's cross-motion (Doc. 71), or its supplement in support of its summary judgment motion (Doc. 77) did the IRS say what would happen to the trust funds upon Dr. Enomoto's death. Indeed, the Court's order observed that the parties "have not adequately briefed the trust consequences of [Dr. Enomoto's] death" and that the "only relevant assertion from either party" on the subject "is a sentence in Dr. Enomoto's Reply brief." (Doc. 95 at 16 & n.4.)

The IRS interprets this remark as "suggest[ing]" and "invit[ing] further briefing to explain what would happen if Dr. Enomoto died before the Trust was fully administered." (Doc. 97 at 3; Doc. 100 at 3.) Thus, the IRS's present motion argues that "Dr. Enomoto has a fee estate in the Trust, not merely a life estate, meaning that federal tax liens extend over all the Funds even if he dies." (Doc. 97 at 6.) The IRS presents case law in support of this position, "most of which was not discussed in previous briefing." (*Id.*)

The IRS misconstrues the Court's observation. The mention of inadequate briefing was not an invitation for more briefing, any more than a D on a student's report card is an invitation for extra-credit work. The time has passed. The Court issued judgment after carefully considering the arguments presented. Judgment should not be revisited merely because one side now has another argument.

Moreover, the IRS's argument does not appear to serve any of the traditional purposes of Rule 59(e): to correct "manifest errors of law or fact," to present "newly discovered or previously unavailable evidence," to prevent "manifest injustice," or to respond to "an intervening change in controlling law." *Allstate*, 634 F.3d at 1111. The IRS has not contended otherwise.

To the extent the IRS's present motion identifies an "error of law"—an issue the Court does not reach—the IRS fails to show that such error is "manifest," for several reasons. First, the effect of Dr. Enomoto's death on the trust funds is a matter of Arizona law. Although the IRS's motion cites several cases, only one is an Arizona case, and it has nothing to do with wills or trusts. (Doc. 97 at 7 (citing *In re Forsstrom*, 44 Ariz. 472, 38 P.2d 878 (1934).) Second, when interpreting a trust under Arizona law, the "overriding goal is to ascertain the intent of the trustor," taking into consideration "the contents within the four corners of the instrument, including the general plan or scheme thereof, and when necessary or appropriate, the circumstances under which the [instrument] was made." *Weinstein v. Weinstein*, 235 Ariz. 40, 44–45, 326 P.3d 307, 311–12 (Ct. App. 2014) (citations omitted). Here, the trust does not specify what happens to the trust funds upon Dr. Enomoto's death, so the trustor's intent is not obvious. Third, even if the trust funds were to pass to Dr. Enomoto's estate when he dies, the IRS does not explain why that would affect tax lien attachment when Dr. Enomoto is alive. This distinction is important. *See Drye v. United States*, 528 U.S. 49, 58–59 (1999) (although a taxpayer's "right under a life insurance policy to compel his insurer to pay him the cash surrender value qualifies as 'property' or a 'right to property'

subject to attachment for unpaid federal taxes," "no federal tax lien could attach to policy proceeds unavailable to the insured in his lifetime") (citing *United States v. Bess*, 357 U.S. 51, 56–57 (1958)).

Thus, the IRS's new argument as to what will happen to the trust funds upon Dr. Enomoto's death does not justify altering or amending the judgment.

### C. Postscript

On the last page of its reply in support of its present motion, the IRS refers to evidence of Dr. Enomoto's current needs and living demands. (Doc. 100 at 11.) This is a step in the right direction. As the Court noted in its judgment, the IRS's lien is enforceable "as to the amount to which [Dr.] Enomoto's right extends, i.e., the amount the trustee's withholding of which would be an abuse of discretion in applying the trust's standard of payment." (Doc. 96 at 1.) Evidence of Dr. Enomoto's overall financial situation is the sort of evidence that might show that the trustee's withholding of payment would be an abuse of discretion. Such evidence might support a "separate motion" to order "one or more distributions" to the United States. (*Id.* at 2.) That motion would be a motion to enforce the judgment, not a motion to alter or amend the judgment.

IT IS THEREFORE ORDERED that the IRS's Motion to Alter or Amend Judgment and to Distribute Interpleaded Funds (Doc. 97) is denied.

Dated this 6th day of June, 2016.

_____
Neil V. Wake
United States District Judge

- 7 -